IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| MONICA C. HOCKADAY <br> 2804 Christopher Avenue, <br> Baltimore, MD 21214 <br> <br> Plaintiff, <br> <br> v. <br> <br> WASHINGTON METROPOLITAN <br> AREA TRANSIT AUTHORITY <br> 600 Fifth Street, N.W. <br> Washington, DC 20001, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action <br> ) <br> ) <br> ) <br> ) Jury Demanded <br> ) <br> ) <br> ) |

**COMPLAINT**

COMES NOW Plaintiff Monica C. Hockaday, by and through her undersigned counsel, and sues Defendant Washington Metropolitan Area Transit Authority ("WMATA" or "Defendant") and for cause of action states as follows:

NATURE OF THE CASE

1. Plaintiff Monica Hockaday ("Plaintiff" or "Lt. Hockaday") brings this civil action for relief from Defendant's discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.;* and the Civil Rights Act of 1991, 42 U.S.C. §1981a; for relief from discrimination based on race (African-American), retaliation (prior protected EEO activity), and hostile work environment.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under laws of the United States, specifically the Title VII. 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1343.

3. Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of Defendant, an Agency of the federal government that operates within the District of Columbia, and occurred in the District of Columbia. 28 U.S.C. § 1391. Venue is further proper in this district because there is no other district in which this action may otherwise be brought. *Id.*

## EXHAUSTION OF REMEDIES

4. Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and filed a complaint against WMATA, alleging violations of Title VII, identified as **EEOC Charge No. 570-2020-01832.**

5. Plaintiff has exhausted all of her administrative remedies.

6. On or about October 5, 2020, Plaintiff timely submitted a Form 5 Charge to the **EEOC identified as EEOC Charge No. 570-2020-01832.**

7. Plaintiff received **a** Notice of Right to Sue, dated September 13, 2021 which provided her with 90-days from receipt of the notices to file her federal lawsuit.

8. Plaintiff now timely file**s** this case.

## PARTIES

9. Plaintiff is currently domiciled at 2804 Christopher Avenue, Baltimore, Maryland 21214. Plaintiff is a resident of Baltimore, Maryland and a United States citizen.

10. Defendant WMATA is an instrumentality created by Congress to operate a mass transit system in the District of Columbia and the surrounding Metropolitan area and is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of its employees or agents and is therefore are liable pursuant to the doctrine of *Respondeat Superior.*

## FACTS

11. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

12. Plaintiff was an active-duty Airforce from 1993-1997. During her active duty status Plaintiff earned a Master's Degree in Public Administration. In 2019 Plaintiff obtained her Doctorate in Strategic Leadership.

13. Plaintiff then joined Oakland California Police Department in 1998 where remained until 2001.

14. Plaintiff began her position with WMATA January 14, 2002, as a Police Officer with WMATA/MTPD.

15. After training Plaintiff worked in the Patrol Division with WMATA/MTPD.

16. Beginning in early 2009 and going forward, Lieutenant Hockaday, began repeatedly complaining through her chain of command about continuous discriminatory, sexist and racist practices by various supervisor within WMATA/MTPD, including her then supervisor Chief Ronald Pavlik (White male) who had a practice of denying promotions to African Americans into command positions (Captains and above).

17. Chief Pavlik overlooked Plaintiff for a promotion to Captain on several occasions beginning after 2014 to the present.

18. In 2019 Plaintiff was selected for the FBI Leadership Academy.

19. In 2020, Chief Pavlik overlooked plaintiff by utilizing a selection process that did not have checks or balances. No announcement was posted or criteria advertised.

20. Chief Pavlik refused to use the merit process that was in place when he took command on or about 2012 or 2013. Instead, he engaged in a process when he would gather Four (4) Deputy Chief and one (1) Assistant Chief and make a selection in secret that was not reviewable.

21. During 2020, Chief Pavlik utilized this random practice to deny Plaintiff a promotion to Captain. He selected three males. BP (White male) had less time in grade and experience than Plaintiff, NK (Asian male) had more time in grade at WMATA, but did not process the knowledge, skills and abilities Plaintiff possessed. DA (Hispanic male) had less time in grade and did not possess the knowledge, skills, abilities, and experience Plaintiff possessed.

22. Despite Plaintiff being more qualified that her similarly situated co-workers (BP, NK and DA), she was overlooked for the promotion by Chief Pavlik.

23. The position of Captain would have given Plaintiff a considerable increase in income.

24. On or about May 5, 2020, Plaintiff was unfairly issued a 24-hour suspension.

25. Plaintiff lost pay as a result of the 24-hour suspension.

26. A CID Investigator, CA (White male), who worked the scene that resulted in Plaintiff receiving the 24-hour suspension, was not suspended like Plaintiff, despite the fact that he should have been charged. He was in Charge of the scene for CID (Criminal Investigations Unit) before Plaintiff arrived.

27. Plaintiff received an unfavorable performance evaluation for the 2019-2020 evaluation period from then Captain Stephen Bohem.

28. As a result of Plaintiff's rating received for the 2019-2020 evaluation period, she did not r4eveive the level of a cash award that she deserved.

29. The performance evaluation contained false and inaccurate comments. Plaintiff's overall rating was minimal.

30. Plaintiff believes that she has been discriminated against based on her race (African-American, her sex (female) and in retaliation for engaging in prior EEO activity. Plaintiff's EEO activity began in 2009 and continued through 2021).

31. Over this period Plaintiff lodged discrimination complaints with the EEO office, Chief Anzallo, Human Resources and the outside agencies, including the EEOC.

32. Chief Pavlik, Chief Bohem ,WMATA's HR office, and EEO were aware of Plaintiff's extensive EEO activity and complaints made . In 2020 and 2021 Plaintiff personally made Chief Anzallo awaere of her EEO activity.

33. On or about August 5, 2020 WMATA offered Plaintiff WMATA/MTPD Limited Duty Transition of Duty Position.

34. Plaintiff was unfairly harassed when she was placed administrative leave for approximately three (3) weeks while she was under an alleged investigation, placed on an emergency one day suspension, and then suspended for two days without pay.

35. Plaintiff was routinely embarrassed and humiliated by how she was treated differently than her male co-workers of a different race than she. One example is where Chief Bohem sat in on her initial evaluation. He did not sit in on her male non-African American make co-workers.

36. WMATA's explanations and reasons offered for its actions have been offered as pretext to mask the actual discrimination and reprisal Plaintiff has been subjected to.

## CAUSES OF ACTION

### COUNT ONE
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*
### (Hostile Work Environment)

37. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

38. As a result of Plaintiff's protected status **(female gender)** and participation in protected activity, Plaintiff's supervisors routinely humiliated Plaintiff, **ostracized her,** and engaged in a persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII.

39. Plaintiff was regularly and continually subjected to harassing conduct as alleged throughout this Complaint, which created a hostile and abusive work environment.

40. Plaintiff believes that she was subjected to a hostile work environment based on her **gender (female) and her** protected activity.

41. Defendant's unlawful conduct was unwelcome.

42. Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

43. Plaintiff was subjected to harassment because of her gender (female), her race and her EEO activity, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

44. Defendant knew or should have known of the harassment. Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

45. By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

46. Defendant is directly liable for the discriminatory and retaliatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior.*

47. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages - including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs - and is entitled to all available legal and equitable remedies.

48. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

49. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

- Award compensatory damages in excess Two Hundred Thousand Dollars ($200,000.00);

- Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

- Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

- Award reasonable attorney fees, costs, and expenses incurred for this action;

- Order Defendant to institute a policy and procedure to be implemented against discrimination;

- Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

- Supervisory training for the supervisors at issue herein;

- Award equitable, declaratory, and injunctive relief; and

- Award such other and further relief as this Honorable Court deems just and proper

**COUNT TWO**
**Title VII of the Civil Rights Act of 1964, as amended, 42**
**U.S.C. §§ 2000e,** *et seq.*
**(Retaliation)**

52. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

53. Plaintiff regularly complained to her supervisor and throughout her chain of command regarding the discriminatory and retaliatory treatment and hostile work environment that she was experiencing.

54. Soon after complaining, Plaintiff was subjected to adverse actions alleged throughout this Complaint.

55. Defendant subjected Plaintiff to the aforementioned adverse employment actions because of her participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII.

56. Defendant, including Plaintiff's supervisors, knew of Plaintiff's engagement in protected activity prior to engaging in the aforementioned adverse actions when they were informed by Plaintiff.

57. The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having previously engaged in protected EEO activity.

58. Plaintiff 's prior protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

59. Plaintiff 's prior protected activity was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

60. Similarly situated employees (no known prior EEO activity) were not subjected to the same, similar or any adverse treatment.

61. The adverse treatment that Plaintiff was being subjected to by Defendant was obvious to her co-workers who could and did observe the distress that it caused Plaintiff.

62. Defendant's unlawful conduct has created a climate of fear and intimidation for Plaintiff and other employees, which creates a chilling effect in violation of Title VII.

63. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

64. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

65. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her participation and opposition to Defendant's discriminatory conduct.

66. By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

67. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

68. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages - including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs - and is entitled to all available legal and equitable remedies.

69. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

70. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

- Award compensatory damages in excess Two Hundred Thousand Dollars ($200,000.00);

- Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

- Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

- Award reasonable attorney fees, costs, and expenses incurred for this action;

- Order Defendant to institute a policy and procedure to be implemented against discrimination;

- Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

- Supervisory training for the supervisors at issue herein;

## Equitable Relief

71. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

72. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE ,** Plaintiff respectfully prays that this Honorable Court:

- Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

- Supervisory training for the supervisors at issue herein; and

## JURY DEMAND

73. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

                                                By: /s/*Donna Williams Rucker*
                                                    DONNA WILLIAMS RUCKER
                                                    (D.C. Bar 446713)
                                                    Tully Rinckey PLLC
                                                    2001 L St. NW, STE. 920
                                                    Washington, DC 20036
                                                    Facsimile: (202) 640-2059
                                                    Email: drucker@ fedattorney.com
                                                    Office: (202) 787-1900

DATE:                                                          Counsel for Plaintiff